IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KATHERINE M. RUDD, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | CASE NO. |
| | ) | |
| vs. | ) | 2:13-cv-02016-JEO |
| | ) | |
| BRANCH BANKING & TRUST COMPANY, et al., | ) | OPPOSED[1] |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO ALTER OR AMEND THE COURT'S ORDER DENYING THE CONDITIONAL MOTION FOR FEES OR, IN THE ALTERNATIVE, MOTION FOR EXTENSION OF TIME TO FILE RENEWED MOTION FOR FEES AND INCORPORATED MEMORANDUM OF LAW**

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") asks the Court to reconsider its August 8, 2016 Order (Doc. 45) denying Wells Fargo's Conditional Motion for Fees (Doc. 29) and therefore moves, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, to alter or amend this Order. As grounds for this Motion, Wells Fargo submits (i) that the Court's Order is inconsistent with the Alabama Supreme Court's recent ruling in *Ladd v. Stockham*, Nos. 1140356, 1140407, --- So. 3d ----, 2016 WL 1171473 (Ala. Mar. 25, 2016), and (ii) that, at

---

[1] BB&T's counsel has represented that his client does not oppose this Motion, but Plaintiffs' counsel has indicated that his clients oppose a fee-award.

least as to the Shares Trusts, the Court should already have the current trustee(s) before it. In the alternative, Wells Fargo moves for an extension of time to submit evidence in support of a Renewed Motion for Fees, including evidence of the identity of the current trustee(s) of the Shares Trusts.

In support hereof, Wells Fargo shows the Court as follows:

## I. Introduction & Procedural Background

On December 1, 2014, Wells Fargo filed a Conditional Motion for Fees (Doc. 29). Wells Fargo's Motion was styled as a "conditional" motion because Wells Fargo indicated its willingness to adjudicate its entitlement to $39,331.00 in fees[2] incurred in obtaining the November 14, 2014 *forum non conveniens* dismissal from this Court (Doc. 27) as part of future litigation in the parties' contractually-chosen forum, the proceeding in Jefferson County Circuit Court, Case No. CV-2012-900915.

However, in its August 8, 2016 Order, this Court rejected the "conditional" nature of Wells Fargo's Motion, concluding: "Wells Fargo's Motion is not moot on the basis that Plaintiffs have conceded that the pending state-court proceedings is a proper forum for resolving any claim by Wells Fargo for attorneys' fees in this

---

[2] This amount is not final, because, in addition to fees incurred in obtaining the *forum non conveniens* dismissal, Wells Fargo is also entitled to reimbursement for fees and expenses incurred in litigating its right to reimbursement. *See Regions Bank v. Lowrey*, 154 So. 3d 101, 112 (Ala. 2014).

action." (Doc. 45, p. 5.)   Instead, the Court concluded that Wells Fargo's Motion should be denied on grounds that "it is axiomatic that this court may not enter an order requiring that the assets of the Shares Trust or the Marital Trust be paid over to Wells Fargo unless the court possesses jurisdiction over all parties required for such an adjudication."  (*Id.* at p. 7.)  The Court went on to conclude that it could not enter a fee award because, under Alabama Code § 19-3B-709, fees are payable out of trust assets, and the Court believed that it did not have before it the current trustees of the Marital Trust and the Shares Trusts.

As to the Shares Trusts, the Court's Order appears to be incorrect, factually. The Court should already have before it the current trustee(s) of the Shares Trusts. More fundamentally, however, the Court's Order, both as to the Shares Trusts and the Marital Trust, is inconsistent with the Alabama Supreme Court's ruling earlier this year in *Ladd v. Stockham*, Nos. 1140356, 1140407, --- So. 3d ----, 2016 WL 1171473 (Ala. Mar. 25, 2016).  Accordingly, Wells Fargo asks this Court to alter or amend its August 8, 2016 and reconsider its denial of Wells Fargo's requests for reimbursement of expenses and attorneys' fees, in an amount exceeding $39,331.00.

## II. Argument

### A. The Court's Order Is Inconsisent with Alabama Law, as Articulated in *Ladd*.

In *Ladd*, a former co-trustee, who had been sued for breach of trust and who was awarded summary judgment on the trust beneficiary's claims, sought recovery of costs and attorneys' fees under Alabama Code §§ 34-3-60, 19-3B-708, and 19-3B-709. The Alabama Supreme Court held that the trial court committed reversible error in denying the fee-request on grounds that the former trustee had ceased serving as a trustee at the time he was sued. Reversing and remanding, the court concluded: "[I]t is not relevant that Herbert was not serving as the cotrustee at the time he was sued." *Ladd*, 2016 WL 1171473, at *16.

In regard to the present Court's August 8, 2016 ruling, the dissents to the Alabama Supreme Court's decision are telling. Justice Shaw explained: "I question whether the trial court can assess compensation and expenses against a trust that is not a party in an action and where all the interested parties, such as the trust itself, the current trustee or trustees, and all the beneficiaries, are not present." *Id.* at *17 (Shaw, J., dissenting in relevant part). Likewise, Justice Murdock explained in a separate dissent: "None of the trust entities in question is a party to this litigation." *Id.* at *19 (Murdock, J., dissenting).

The Alabama Supreme Court's majority in *Ladd* was not deterred by the absence of "interested parties" in reversing and remanding with instructions for the

trial court to reconsider the former co-trustee's fee motion. *See id.* at *16. Accordingly, there is **no requirement** under Alabama law that the current trustees be party for an action in order for the Court to award fees under Alabama Code §§ 34-3-60, 19-3B-708, and 19-3B-709.[3]  Wells Fargo is entitled to the fees and expenses it sought on December 1, 2014 under Alabama Code § 19-3B-709, and Wells Fargo also asserts entitlement to fees under Alabama Code §§ 34-3-60 and 19-3B-708, as recognized by the Alabama Supreme Court in *Ladd*.[4]

Moreover, Wells Fargo is seeking an adjudication of the attorneys' fees it is owed, in part, because of the on-going litigation both in this Court and in Jefferson County Circuit Court involving these same trusts.  An award of at least $39,331.00 in fees could serve as a lien or an off-set against any recoveries that might be

---

[3] This conclusion is further confirmed by the fact that the trust beneficiary in *Ladd* specifically moved for rehearing on the following grounds:  "[N]o trust is party to this case.  Thus, on remand, the circuit court would be asked to assess costs and fees against a non-party trust over whom it has no jurisdiction." (*See* Ex. A, attached, Application for Rehearing, p. 2.)  The Alabama Supreme Court rejected this argument by overruling the Application for Rehearing on May 27, 2016.  (*See* Ex. B, attached, Certificate of Judgment.)

[4] Under Alabama Code § 34-3-60, it appears that reimbursement can also be made by the Plaintiffs directly, and need not necessarily touch assets of the Shares Trusts or the Marital Trust.  Since Plaintiffs here have brought their claims regarding both the Shares Trusts and the Marital Trust in their asserted capacities as trustees of Grandchildren's Trust (an erstwhile remainder beneficiary of the now-terminated Marital Trust and also a remainder beneficiary of "Share I" of the Shares Trusts, which terminated on April 30, 2011, *see* Doc. 47-2), perhaps the fees can be paid out of the Grandchildren's Trust.  All current trustees of the Grandchildren's Trust are before this Court.

ordered to be paid into these trusts as a result of litigation these same Plaintiffs are pursuing against both Arlington Trust Company (in Jefferson County Circuit Court) and BB&T (in this Court).

### B. This Court Should Already Have Before It All Trustees and Beneficiaries of the Shares Trusts.

Of course, even if, *contra* to the Alabama Supreme Court's recent holding in *Ladd*, Alabama law were to require that all "interested parties" be present in the litigation before a fee can be awarded under Alabama Code §§ 34-3-60, 19-3B-708, and 19-3B-709, all interested parties should be present here, at least as to the Shares Trusts.

In their Amended Complaint in this matter, Plaintiffs plead: "The claims brought by the Shares Trust are brought by and through its co-trustee Tiffany Atkinson. The Grandchildren's Trust is the current direct beneficiary of the Shares Trust." (*See* Doc. 31, p. 5, ¶ 2.) The "co-trustees and beneficiaries" of the Grandchildren's Trust are presently before this Court (*see id.* at p. 4, ¶ 1), so according to the Plaintiffs themselves, the only potentially missing party is a "co-trustee" of the Shares Trusts. The Court concluded in its August 8, 2016 Order: "[T]here is no indication that the co-trustee, whomever it may be, is also a party." (Doc. 45, p. 8.)

However, in pleadings in the Jefferson County action, Tiffany Atkinson pleaded: "Tiffany was appointed to succeed Arlington as co-trustee … of the

Shares Trust on August 30, 2013." (Ex. C, attached, Compl. in Intervention, p. 2, ¶ 4.)  In a pre-August 30, 2013 version of her pleadings, Tiffany Atkinson pleaded, regarding her mother, **Joy Adams**: "At all times pertinent to the allegations in this Second Amended Complaint, Joy served as co-trustee of the Grandchildren's Trust, **Share I Trust, Share II Trust**, 1989 Trust and the Marital Trust." (Ex. D, attached, Second Am. Compl. (without attachments), p. 4, ¶ 4.)  In this same pleading – which Tiffany Atkinson verified – she also alleged:  "Arlington succeeded as co-trustee of the Grandchildren's Trust and the Shares Trust upon the resignation of Wells Fargo in 2002 and continues in that capacity today." (*Id.* at p. 5, ¶ 6.)

  In other words, based on the **verified** pleading of Tiffany Atkinson (who claims to be a current trustee), the **only** trustees of the Shares Trusts between 2002 and 2013 were Arlington Trust Company (a current Defendant in the Jefferson County action) and Joy Adams.  Because Tiffany Atkinson subsequently pleaded that **she herself succeeded Arlington Trust Company** as trustee on "August 30, 2013" (*see* Ex. C, attached, Compl. in Intervention, p. 2, ¶ 4), the only possible remaining trustee could be Joy Adams.  Not only is Joy Adams believed to have resigned as trustee of the Shares Trusts sometime in 2013, but as of today, BB&T has brought Joy Adams before this Court by filing a Third-Party Complaint against her relating, in part, to the Shares Trusts.  (*See* Doc. 47.)

Notwithstanding Tiffany Atkinson's verified pleading in the Jefferson County litigation that Arlington Trust Company was trustee of the Shares Trusts between 2002 and 2013 (*see* Ex. D, attached, Second Am. Compl., p. 5, ¶ 6), she makes an inconsistent and contradictory allegation in her pleadings before this Court by alleging that Colonial Bank served trustee until August 14, 2009 and was then succeeded by BB&T, who then served as trustee of the Shares Trusts "until its removal on August 30, 2013." (*See* Doc. 31, p. 7, ¶ 7.) Fortunately, these inconsistencies in Plaintiffs' pleadings are of no moment, at least insofar as this Court's August 8, 2016 Order on Wells Fargo's Motion for Fees is concerned. Tiffany Atkinson has alleged that she succeed Arlington Trust Company as trustee on "August 30, 2013" (*see* Ex. C, attached, Compl. in Intervention, p. 2, ¶ 4), and she has also alleged that Colonial Bank ceased serving as trustee on "August 14, 2009." (*See* Doc. 31, p. 7, ¶ 7.) She also alleges that BB&T was removed "on August 30, 2013." (*See id.*)

Critically, Tiffany Atkinson, BB&T, and now Joy Adams are **all** before this Court. Moreover, even were the Court to deem BB&T's Third-Party Complaint (Doc. 47) filed today against Joy Adams as somehow insufficient to bring her before this Court, Joy Adams is believed to have resigned as trustee of the Shares

Trusts as part of her 2013 settlement with Tiffany Atkinson and Katherine Rudd.[5] Because Tiffany Atkinson claims to have succeeded corporate trustee Arlington Trust Company as trustee of the Shares Trusts (*see* Ex. C, attached, Compl. in Intervention, p. 2, ¶ 4) and because Joy Adams, the individual trustee of the Shares Trusts, is believed to have resigned as part of a 2013 settlement, it is highly unlikely that Tiffany Atkinson would have appointed any other trustee since August 30, 2013.[6]  Again, Tiffany Atkinson, BB&T (the other alleged corporate trustee), and now Joy Adams (as of today) are all already before this Court.

---

[5] This Court need not necessarily require that Tiffany Atkinson and Katherine Rudd disclose all of the terms of their settlement with Joy Adams, because, as explained below, it is expected that the Plaintiffs in the Jefferson County action – which include Tiffany Atkinson in her capacity as trustee of the Shares Trusts – will soon be submitting interrogatory answers identifying the current trustee(s) of the Shares Trusts.

[6] If Tiffany Atkinson had appointed a co-trustee to serve alongside her, this would beg the question of how she is authorized to pursue the present action without the participation of her as-of-yet-unidentified co-trustee.  Regarding the claims against BB&T, this Court has already concluded:  "Plaintiffs are the co-trustees of the Grandchildren's Trust, **while Tiffany is a trustee of the Shares Trust**, and Kate is a trustee of the 1989 Trust.  Plaintiffs are generally **eligible in those capacities** to assert claims **on behalf of those three respective trusts** …." (Doc. 46, p. 19 (emphasis added).)  If Tiffany Atkinson had appointed a co-trustee to serve alongside her as to the Shares Trust, then she would not necessarily be "generally eligible" to pursue her present claims against BB&T in the absence of approval from her co-trustee.  *Cf.* Ala. Code § 19-3B-703(a) ("Co-trustees who are unable to reach a unanimous decision after consultation among all the co-trustees may act by majority decision.").

Therefore, the Court should alter or amend that part of its August 8, 2016 Order in which it concluded:  "It thus appears that there is another co-trustee whose identity has not been made clear to the court.  In any event, there is no indication that the other co-trustee, whomever it may be, is also a party."  (*See* Doc. 45, p. 4.)  The Court should reconsider this portion of its Order, because the current trustee(s) of the Shares Trusts should already be before this Court.

    **C.**    **Alternatively, This Court Should Grant Wells Fargo an Extension of Time To Submit Evidence in Support of a Renewed Motion for Fees.**

To the extent that this present motion, as it relates to the Court's August 8, 2016 Order, is governed by the 14-day period of Rule 54(d) and not the 28-day period of Rule 59(e), Wells Fargo seeks an extension of this time period if the Court requires additional evidence regarding the current trustee(s) of the Shares Trusts.  Wells Fargo served interrogatories on Plaintiffs in the Jefferson County action asking them to identify the trustees and beneficiaries of the Shares Trusts, including the current trustee(s).  (*See* Ex. E, attached, Interrogatories, at Nos 11 & 12.)  Wells Fargo anticipates receiving answers to these interrogatories this week.  Therefore, Wells Fargo should have a definitive identification shortly as to the current trustee(s) of the Shares Trusts and seeks, in the alternative, a short extension of time to permit it to supplement the present Motion to Alter or Amend with the evidence it receives regarding the current trustee(s).

In addition, as Wells Fargo previously noted in its Conditional Motion, additional briefing will be required to determined the final amount of fees. In addition to the $39,331.00 in fees incurred in obtaining the *forum non conveniens* dismissal, Wells Fargo is also entitled to reimbursement for fees and expenses incurred in litigating its right to reimbursement. *See Regions Bank v. Lowrey*, 154 So. 3d 101, 112 (Ala. 2014). Accordingly, Wells Fargo would ask the Court to set a briefing schedule and hearing date to determine the itemization and allocation of the specific amounts, in addition to providing a short extension for Wells Fargo to submit any additional evidence the Court may require regarding the current trustee(s) of the Shares Trusts.

### III. Conclusion

WHEREFORE, Wells Fargo asks that the Court reconsider its August 8, 2016 Order (Doc. 45) on the Conditional Motion for Fees (Doc. 29) or, in the alternative, grant Wells Fargo an extension of time to submit evidence in support of a Renewed Motion for Fees, including evidence of the identity of the current trustee(s) of the Shares Trusts.

Respectfully submitted,

*s/ Devin C. Dolive*
Victor L. Hayslip (HAY019)
Devin C. Dolive  (DOL006)

Attorneys for Defendant
Wells Fargo Bank, N.A.

**OF COUNSEL:**

BURR & FORMAN LLP
420 North 20th Street
Wells Fargo Tower, Suite 3400
Birmingham, Alabama  35203
Telephone:   (205) 251-3000
Facsimile:    (205) 458-5100
vhayslip@burr.com
ddolive@burr.com

## CERTIFICATE OF SERVICE

    I hereby certify that, on this the 22nd day of August, 2016, I have filed a copy of the foregoing via the Court's CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following:

    Thomas E. Baddley, Jr.
    tbaddley@baddleymauro.com
    Jeffrey P. Mauro
    jpmauro@baddleymauro.com
    John Parker Yates
    jpy@baddleymauro.com
    Baddley & Mauro, L.L.C.
    850 Shades Creek Parkway, Suite 310
    Birmingham, Alabama 35209
    Telephone:  205-939-0090
    (Counsel for Plaintiffs)

    Larry B. Childs
    larry.childs@wallerlaw.com
    Michael A. Fant
    mike.fant@wallerlaw.com
    WALLER LANSDEN DORTCH &
      DAVIS, LLC
    1901 Sixth Avenue North, Suite 1400
    Birmingham, Alabama 35203
    Telephone:  205-214-6380
    Facsimile:   205-214-8787
    (Counsel for BB&T)

    *s/ Devin C. Dolive*
    OF COUNSEL