

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **KATHERINE M. RUDD, et al.** ) | |
| ) | |
| **Plaintiffs,** ) | CASE NO. |
| ) | |
| vs. ) | 2:13-cv-02016-JEO |
| ) | |
| **BRANCH BANKING & TRUST** ) | |
| **COMPANY, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

### NOTICE OF CHANGED FACTS IN SUPPORT OF WELLS FARGO'S MOTION TO ALTER OR AMEND THE COURT'S ORDER DENYING THE CONDITIONAL MOTION FOR FEES

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") submits the following Notice of Changed Facts in support of its Motion to Alter or Amend the Court's Order Denying the Conditional Motion for Fees (Doc. 48):

1. On September 9, 2016, in opposing Wells Fargo's Motion to Alter or Amend, the Trustees affirmatively represented to this Court: "Plaintiffs submit that **Regions Bank serves** as the other co-trustee of the Shares Trust …." (Doc. 53 at 8 (emphasis added).) Today, Wells Fargo learned for the first time that the Trustees' representation was, apparently, false at the time it was made.

2. As part of a verified interrogatory answer served today in the Circuit Court litigation, Katherine Rudd and Tiffany Atkinson state, **under oath**, that Regions served as trustee of the Shares Trusts only "**until September 8, 2016**." In

28397441 v1

the same verified answer, Katherine Rudd herself claims to have been appointed as trustee on September 8, 2016.  (*See* Ex. A, attached, Excerpts from Verified Interrogatory Answers, at No. 11.)

3. In other words, if the Trustees' own statements under oath are to be believed, Regions Bank was **not** trustee of the Shares Trusts **on September 9, 2016** at the time when the Trustees affirmatively represented to this Court that "Regions Bank serves as the other co-trustee …."  (*See* Doc. 53 at 8.)

4. However, because the Trustees did not provide verified interrogatory answers in the Circuit Court litigation until today,[1] Wells Fargo did not have information to dispute the Trustees' representations at the time when Wells Fargo filed its Reply (Doc. 54) on September 16, 2016 and briefing in this Court closed.

5. The Trustees' verified interrogatory answers also disclose changed facts regarding this Court's conclusion that "there is no indication that *any* current trustee of the Marital Trust is before this court."  (Doc. 45 at 8.)  Notably, in their September 9, 2016 Response, the Trustees argued:  "Wells Fargo's Motion does not refute the Court's finding …."  (Doc. 53 at 8 n.5.)

---

[1] In support of its Alternative Motion for Extension of Time in this Court, Wells Fargo noted that it was expecting answers to its interrogatories in the Circuit Court litigation "this week," i.e., the week of August 22, 2016.  (*See* Doc. 48 at 10.)  However, the Trustees did not provide verified interrogatory answers in the Circuit Court litigation until today, a delay of more than two months.

6. However, Katherine Rudd and Tiffany Atkinson themselves now claim to have become trustees of the Marital Trust the **very day before** the Trustees argued that Wells Fargo had "not refute[d]" the Court's finding here.  In a verified interrogatory answer served today in the Circuit Court litigation, Katherine Rudd and Tiffany Atkinson state, **under oath**, that Regions served as trustee of the Marital Trust only "**until September 8, 2016**" and that Katherine Rudd and Tiffany Atkinson began serving as trustees of the Marital Trust as of that same day. (*See* Ex. A, attached, Excerpts from Verified Interrogatory Answers, at No. 11.)

7. In the intervening six weeks since they became sole trustees of both the Shares Trusts and the Marital Trust, the Trustees have **not** updated their September 9, 2016 Response in this Court to provide the correct information.

8. In short, the facts have changed; this Court should now have before it **all** persons who currently serve as trustees of **both** the Shares Trusts and the Marital Trust.  Although briefing on Wells Fargo's Motion to Alter or Amend (Doc. 48) has closed, Wells Fargo is prepared to submit additional briefing regarding the legal implications of these changed facts and/or to appear at oral argument, as the Court may direct.

WHEREFORE, Wells Fargo asks that the Court take notice of changed facts -- that Katherine Rudd and Tiffany Atkinson now claim to be **sole trustees** of both

the Shares Trusts and the Marital Trust -- and grant such other relief as the Court may deem appropriate in regard to Wells Fargo's Motion to Alter or Amend.

          Respectfully submitted,

          *s/ Devin C. Dolive*
          Victor L. Hayslip (HAY019)
          Devin C. Dolive (DOL006)

          *Attorneys for Defendant*
          WELLS FARGO BANK, N.A.

**OF COUNSEL:**

BURR & FORMAN LLP
420 North 20th Street
Wells Fargo Tower, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
vhayslip@burr.com
ddolive@burr.com

## CERTIFICATE OF SERVICE

      I hereby certify that, on this the 26th day of October, 2016, I have filed a copy of the foregoing via the Court's CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following:

Thomas E. Baddley, Jr.
tbaddley@baddleymauro.com
Jeffrey P. Mauro
jpmauro@baddleymauro.com
John Parker Yates
jpy@baddleymauro.com
Baddley & Mauro, L.L.C.
850 Shades Creek Parkway, Suite 310
Birmingham, Alabama 35209
Telephone:  205-939-0090
(Counsel for Plaintiffs)

Larry B. Childs
larry.childs@wallerlaw.com
Michael A. Fant
mike.fant@wallerlaw.com
WALLER LANSDEN DORTCH & DAVIS, LLC
1901 Sixth Avenue North, Suite 1400
Birmingham, Alabama 35203
Telephone:  205-214-6380
Facsimile:   205-214-8787
(Counsel for BB&T)

Douglas J. Centeno
dcenteno@bcattys.com
Lee Benton
lbenton@bcattys.com
Benton & Centeno, LLP
2019 Third Avenue North
Birmingham, Alabama 35203
Telephone: 205-278-8000
Facsimile: 205-278-3493
(Counsel for Joy Adams)

      *s/ Devin C. Dolive*
      OF COUNSEL